## BANCO TERRITORIAL Y AGRÍCOLA *v.* GILL, DISTRICT JUDGE.

### APPLICATION for a writ of *certiorari.*

No. 67.—Decided March 27, 1911.

EXECUTION OF JUDGMENT—RENDITION OF ACCOUNTS—HOW THEY SHOULD BE RENDERED.—When by executory judgment the rendition of accounts by one of the parties has been decreed, the latter must produce such accounts in detail and justify them—that is to say, they must not only contain all the operations of collection and payment, with specification of the reason for each item or entry, but also be accompanied by the respective vouchers such as a diligent administrator is accustomed to demand and preserve.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for petitioner.

*Mr. Rafael López Landrón* for respondent.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In an action prosecuted in the District Court for the Judicial District of San Juan by Margarita and Eulalia Cintrón and the Estate of José F. Cintrón against the Banco Territorial y Agrícola de Puerto Rico for an accounting and other matters, this court rendered judgment, on June 24, 1909, disposing of an appeal taken from the judgment of the court below, and thereby affirmed the judgment appealed from, in which the defendant was ordered to render to the plaintiffs an itemized account, supported by vouchers, in connection with the management of the "Laura" plantation, from June 30, 1902, to May 19, 1906.

In compliance with the said requirement the Banco Territorial y Agrícola produced its accounts concerning the management of the "Laura" plantation, beginning June 30, 1902, with a balance in its favor amounting to $14,606.69, and end-

ing May 19, 1906, with a balance also in its favor amounting to $22,724.37; thereupon the opposition filed a motion, based on the ground that the account submitted was merely an incomplete copy of the commercial books of the bank without any warrants or vouchers to support the same, and without any statement showing the different properties received under inventory when it assumed charge of the management of the "Laura" plantation, and asking that the defendant be required to render an itemized account, supported by vouchers, of the management of the "Laura" plantation and its properties, as required by said final judgment, and that it present the inventory under which the bank assumed the management of the said plantation as well as a true, original voucher covering each entry.

The said motion was sustained by order of March 19 of the year last past, and counsel for the Banco Territorial y Agrícola petitioned this court for a writ of *certiorari,* praying that after reviewing the proceedings of the court below it be declared that the accounts have been rendered in due form, and that plaintiffs must make their objections so that the bank may have an opportunity to present their vouchers supporting the items objected to and that decision may be rendered upon the questions so raised.

The writ of *certiorari* was issued, and from the allegations made by petitioner and from the original record of proceedings which have come up in obedience to the said writ, it appears that the proceedings had in the trial court were as above stated.

The accounts of the management of the "Laura" plantation during the period specified in the judgment the execution whereof is involved have not been presented in due form, because said accounts should be itemized and supported by vouchers—that is to say, they should not only show all the operations of collection and payment of moneys and state the purpose of each item or entry, but they should be accompanied by vouchers such as a diligent manager usually de-

mands and preserves, and these formalities have not been observed in the present case. Therefore, the Judge of the District Court of San Juan, in making the order of March 19, 1910, merely required a strict compliance with the executory judgment.

This court in *certiorari* proceedings cannot modify the terms of an executory judgment, as it would do were it to hold, as is sought by the petitioner, that the accounts have been presented in due form, notwithstanding the absence of vouchers.

When the accounts shall have been presented, together with the necessary vouchers, and examined by the plaintiffs, the said plaintiffs may exercise their rights, if any they have, and then the time will have arrived to make such orders as may be proper in accordance with the law and under the necessary legal procedure, as we have heretofore held in the opinion which served as a basis for our judgment.

We do not find any error in the proceedings of the District Court of San Juan which would warrant us in setting them aside, and therefore the record in this case must be returned to the said court, leaving it free to proceed in the same manner as if this writ of *certiorari* had never been issued.

*Writ annulled.*

Justices MacLeary, Wolf and del Toro concurred.

Mr. Justice Aldrey did not take part in the decision of this case.